[Crim. No. 619.   Third Appellate District.—June 6, 1922.]

## THE PEOPLE, Respondent, v. J. H. HEUSERS, Appellant.

[1] CRIMINAL LAW—VIOLATION OF WYLLIE LAW—SALE TO DETECTIVE. In a prosecution for a violation of the Wyllie law, it is no defense that the sale was made to a detective in the employ of the State Law and Enforcement League upon his request for the liquor and his payment of the price thereof.

[2] ID.—PURCHASE BY DETECTIVES—CORROBORATION OF TESTIMONY.— The detectives who purchased the liquor from defendant and paid him therefor were not accomplices, and their uncorroborated testimony was sufficient to sustain the conviction of the defendant.

[3] ID. — PURCHASE IN NO-LICENSE TERRITORY — EVIDENCE — INSTRUCTIONS.—In a prosecution for a violation of the Wyllie Act, it is not error to refuse to instruct the jury that it is not a crime to purchase liquor in no-license territory, where there is no evidence to which such instruction is applicable.

APPEAL from a judgment of the Superior Court of Glenn County. H. C. Bell, Judge. Affirmed.

The facts are stated in the opinion of the court.

W. T. Belieu and R. L. Clifton for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

---

2. Criminal liability of private detectives, note, Ann. Cas. 1917A, 588.

Criminal responsibility of purchaser of intoxicating liquor illegally sold, note, 46 L. R. A. (N. S.) 409.

FINCH, P. J.—The defendant was convicted of unlawfully selling intoxicating liquor in no-license territory in violation of the Wyllie law and prosecutes this appeal from the judgment of conviction and the order denying his motion for a new trial.

The principal witnesses against the defendant were two detectives who were in the employ of an organization known as the State Law and Enforcement League. They were operating in Glenn County, at the request of the sheriff and district attorney thereof, for the purpose of securing evidence of violations of law. One of the detectives sought to purchase liquor from the defendant at a point on one of the streets and the defendant agreed to furnish the same. Thereupon the detective paid the defendant the price of the liquor to be furnished and it was agreed that the liquor would be delivered on the opposite side of the street. The defendant then left and the other detective shadowed him until the liquor was delivered at the appointed place. The defendant went directly to his home, where he remained from twenty to thirty minutes, and thence to the appointed meeting place and delivered the liquor. Both detectives testified as to the fact of delivery. An analysis of the liquor showed its alcoholic content to be twenty-two per cent. The defendant denied that he knew the detectives or sold or furnished the liquor.

[1] It is urged that the defendant was entrapped into the commission of the offense. The defendant was in nowise induced to make the unlawful sale except by the mere request for the liquor and payment of the price thereof. This court has decided adversely to appellant's contention in *People* v. *Barkdoll,* 36 Cal. App. 25 [171 Pac. 440], and *People* v. *Tomasovich,* 56 Cal. App. 520 [206 Pac. 119].

[2] It is contended that the detectives were accomplices and that, therefore, a conviction upon their uncorroborated testimony cannot be sustained. It is clear that they were not accomplices. (*People* v. *Bunkers,* 2 Cal. App. 197 [84 Pac. 364, 370]; *People* v. *Keseling,* 35 Cal. App. 501 [170 Pac. 627].)

It is next contended that the defendant was the mere agent of the detective in securing the liquor. It appears from the evidence that the defendant took the liquor from his own home and delivered it to the purchaser. There is

no intimation in the evidence that the defendant secured the liquor from a third person after he had agreed to furnish it and had been paid therefor. He denied that he furnished it at all. Not only is there an entire absence of proof of agency, but the only reasonable inference from the evidence is that the defendant procured the liquor from his own stock.

The defendant requested instructions in accordance with the foregoing contentions here made but the court refused them and instructed the jury that "it is no defense for the defendant to show, if he has shown such, that the purchase was made at the instance or request of persons employed by the district attorney, sheriff or other officials to find out illegal sellers of intoxicating liquor, if you believe from the evidence that the defendant was ready, able and willing to make the sale." In this there was no error.

[3] The court refused to instruct the jury that it is not a crime to purchase liquor in no-license territory. There was no evidence to which the proposed instruction is applicable.

The court fully and correctly instructed the jury on all questions of law applicable to the case and the record is free from error.

The judgment and order are affirmed.

Hart, J., and Burnett, J., concurred.