[Crim. No. 2161. Second Appellate District, Division Two.—March 1, 1932.]

THE PEOPLE, Respondent, v. ROBERT RUCKER, Appellant.

Robert Rucker, *in pro. per.,* for Appellant.

U. S. Webb, Attorney-General, John D. Richer, Deputy Attorney-General, and Franklin J. Potter, for Narcotic Division, for Respondent.

THOMPSON (IRA F.), J.—The defendant was charged with a violation of the Narcotic and Drug Act (see Deering's Supp. to Codes & Gen. Laws, 1929, p. 3542), and also with a prior conviction of burglary. He admitted the prior conviction, but entered a plea of not guilty to the charge of violating the ·Narcotic and Drug Act. He was found

guilty and sentenced. He appeals from the judgment and order denying his motion for a new trial.

Four asserted reasons why we should order a reversal are advanced. They are as follows: 1. That appellant was not brought to trial within the sixty-day period fixed by section 1382 of the Penal Code; 2. That appellant was entrapped to sell a narcotic; 3. That the evidence is insufficient in a certain particular; and 4. That the district attorney and the trial judge were both guilty of misconduct.

■ The first contention is untenable under the authority of *Ray* v. *Superior Court*, 208 Cal. 357 [281 Pac. 391], wherein it was held that defendant's consent that the trial be set beyond the sixty-day period is equivalent to a postponement upon his own application. While the appellant stoutly insists that he did not consent to the date fixed beyond the period in the instant case, yet we have concluded that the record is against his contention. It there appears that on October 8, 1931, within the sixty-day limitation, when the case was called for trial a deputy district attorney appeared and upon the ground that a material witness was absent, asked that the cause be continued. In response to a query by the judge as to whether there was any objection counsel for the defendant replied: "Yes, your Honor. We are ready for trial." The judge then inquired when the witness would return and ascertained that he would be available on the 25th of October. The court then said: "How about the 26th? Is that satisfactory, Mr. Groene?" Mr. Groene, who was defendant's counsel, replied: "That is satisfactory, your Honor." Thereupon the court made its order continuing the case until October 26th, the seventy-fourth day after the information was filed. It is manifest that counsel's statement that the date was satisfactory amounted to a complete withdrawal of his former general objection to a continuance and in fact formed the basis for the subsequent order of the court. ■ While it is not made the basis of appellant's argument, yet it is set forth in his brief that the court again continued the cause from October 26th to October 28th over his objection. The facts are that on the 26th defendant made a motion to dismiss on the ground that he had not been brought to trial within the sixty-day period. Also, the prosecution represented that the attorney for the narcotic division, appointed pursuant

to the provisions of section 5 of the act, was actually engaged in the trial of another case which would take two days. The legislature evidently considered it wise and expedient to have one specially qualified to try narcotic cases, otherwise provision would not have been made for his appointment to assist the district attorney in such prosecutions. His actual attendance upon the trial of another case furnished good cause for the delay and a complete answer to appellant's contention in this particular. (*People* v. *Duffy*, 110 Cal. App. 631 [294 Pac. 496].)

The appellant claims that he was entrapped. The evidence furnishing the basis for this argument is to the effect that one Aristo introduced one Robinson, a police officer, to the defendant; that Robinson thereupon asked defendant for some morphine. The defendant left the officer and Aristo, brought some of the forbidden drug and gave it to Robinson in exchange for ten dollars. In *People* v. *Harris*, 80 Cal. App. 328 [251 Pac. 823], the defendant was asked to sell liquor to one of the arresting officers, and we held that there was nothing to authorize the jury in believing that the defendant was inveigled into the commission of the crime, or that the officers had been the procuring cause or instigators of the criminal intent. That authority forecloses appellant's argument.

The next point, to wit, that the evidence is insufficient to establish that the exhibits contained more than one-quarter grain to the avoirdupois ounce is entirely without merit. A druggist and chemist for the state board of pharmacy was called, qualified and testified without equivocation that he analyzed the exhibits and that they contained much more than one-fourth grain to the avoirdupois ounce, possibly "100 or more times in excess of it".

There is also no merit in his assertion that the district attorney was guilty of misconduct as well as the trial judge. The district attorney's argument was well justified by the evidence and the judge's remarks made while ruling upon objections were fully supported and justified by the law and the actions of defense counsel.

Judgment and order affirmed.

Works, P. J., and Craig, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 16, 1932, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 31, 1932.