[Crim. No. 3507.   Second Dist., Div. One.   Dec. 23, 1941.]

THE PEOPLE, Respondent, v. ALEX L. GRIJALVA, Appellant.

Jesse Bach Porter for Appellant.

Earl Warren, Attorney General, and Gilbert F. Nelson, Deputy Attorney General, for Respondent.

YORK, P. J.—Appellant was found guilty by a jury of violations of section 11160 of the Health and Safety Code, as charged in an information containing two counts, to-wit: (1) of selling, furnishing or giving away marihuana on or about February 27, 1941; (2) a similar offense committed at a later date. This appeal is taken from the judgment of conviction, from the order denying application for probation and from the sentence.

No appeal lies from the sentence (*People* v. *Dunlap,* 12 Cal. App. (2d) 333, 336 [55 Pac. (2d) 522]), and the order denying the application for probation is not appealable, it having been made before judgment (*People* v. *Brock,* 21 Cal. App. (2d) 601, 604 [70 Pac. (2d) 210].)

Appellant urges that the verdict is contrary to the law and the evidence and is not supported by competent evidence; that because of prejudice of the trial court, error was committed in the pronouncement of sentence and in the denial of appellant's application for probation; and that the court acted without jurisdiction in pronouncing the judgment and sentence.

The evidence presented by the prosecution reveals that officer Simmons of the Narcotic Division of the Los Angeles Police Department was introduced to appellant on February 27, 1941, by a man named Willis, who was acquainted with appellant, and who told officer Simmons that appellant "would be in a position to maker proper connections." Said officer and appellant drove to a place designated by the latter and after considerable discussion the officer gave appellant $5 "to go and get the marihuana from the particular con-

nection where he was going." A short time thereafter appellant returned in company with one Ramon Contreras, and handed officer Simmons a package containing twenty cigarettes (People's Exhibit 1) which was identified by said officer by markings which he had made thereon. The police chemist testified that these were marihuana cigarettes.

It was testified by officer Simmons that he again saw appellant on March 6, 1941, the date on which it is alleged the second offense was committed. On this occasion said officer again gave appellant $5, but this time asked for a can rather than for cigarettes. Appellant returned in about half an hour and "said he was sorry he could not get a can but he could get me sticks which would be the same as cigarettes, the term for cigarettes." After an interval and some conversation, appellant returned and gave said officer "two packages of sticks . . . twenty cigarettes," which, when introduced in evidence, were marked "3-6-41" together with the initials of officer Simmons.

At a later date, testified by officer Simmons as being "on Sunday morning about 10 o'clock the 30th of March of this year," officer Smith accompanied officer Simmons to a meeting place with appellant, where officer Simmons talked to appellant and spoke about the good quality of the marihuana appellant had furnished theretofore. At this time officer Simmons gave appellant $6 in the presence of officer Smith, and appellant left to obtain a can of marihuana. On this occasion appellant failed to obtain the drug and officer Simmons called the police department and had officers Chitwood and Kearney come out and place appellant under arrest.

Officer Chitwood testified to a conversation with appellant after his arrest, to-wit:

"We arrested the defendant at—down on Stanford Avenue—that is, on Pico near Stanford, I should say, and had him brought into the office. This was about 7:15 p. m., I believe. When he saw Simmons—I introduced Simmons to him as an officer, and I said, 'Do you recall selling some marihuana cigarettes?' and mentioned the date to him, 'to this officer here?' 'Well,' he said, 'I remember selling them, but I wasn't in the business.' He said, 'I just sold them for another fellow on commission;' and he said, 'I needed a little money, I wanted to make 50 cents for myself to buy

a drink or something like that, so I sold the marihuana.' As I recall, I then asked him about the time that the two officers testified to, regarding the sale of six dollars worth, and he laughed and said, 'Well, I just meant to take them for that $6.00'.''

As a defense witness, appellant produced Ramon Contreras who, according to officer Simmons' testimony, was present when appellant made the first delivery of marihuana cigarettes to him. In testifying for the defense, Contreras stated the first time he had ever seen officer Simmons was in the county jail on April 8, 1941, subsequent to the time the offenses here charged were committed. On cross-examination, however, Contreras admitted that he had been convicted of selling narcotics and that the officers who testified against him were officers Simmons and Smith.

Appellant took the stand in his own defense and denied ever having had any marihuana in his possession or of ever having known any of the officers prior to the time of his arrest.

Appellant argues that there is no evidence that he made a sale of marihuana, and that if he did make a sale the evidence discloses the defense of entrapment.

It was shown by the prosecution that the officer gave appellant $5 on two different occasions and on each occasion appellant returned and gave to the officer twenty marihuana cigarettes. In each transaction appellant took the money of the officer, obtained the cigarettes and delivered them to said officer. This constituted a sale.

On the question of entrapment, it was stated in the case of *People* v. *Rucker*, 121 Cal. App. 361, 364 [8 Pac. (2d) 938] :

''The appellant claims that he was entrapped. The evidence furnishing the basis for this argument is to the effect that one Aristo introduced one Robinson, a police officer, to the defendant; that Robinson thereupon asked defendant for some morphine. The defendant left the officer and Aristo, brought some of the forbidden drug and gave it to Robinson in exchange for ten dollars. In *People* v. *Harris*, 80 Cal. App. 328 [251 Pac. 823], the defendant was asked to sell liquor to one of the arresting officers, and we held that there was nothing to authorize the jury in believing that the defendant was inveigled into the commission of the crime, or

that the officers had been the procuring cause or instigators of the criminal intent. That authority forecloses appellant's argument."

In the case of *People* v. *Lee,* 9 Cal. App. (2d) 99, 109 [48 Pac. (2d) 1003], the court stated on the same subject: "It is our understanding that the defense of entrapment is a positive defense imposing upon an accused the burden of showing that he was induced to commit the act for which he is being prosecuted. The invocation of the defense necessarily assumes that the act charged as a public offense was committed. The record shows that both appellant and his wife testified in his behalf during the trial. Neither of these witnesses at any time admitted that appellant made the sales or either of them. On the contrary, both denied that any sale was made or that appellant had any narcotics in his possession. There was no intimation that appellant was ever lured or persuaded into making a sale to Ng Loon. The record is bare of any evidence which tends to show that any persuasion or inducement was offered to appellant to make the sales outside the ordinary transaction of purchase and sale between a willing purchaser and a willing seller (*People* v. *Makovsky, supra,* 3 Cal. (2d) 366 [44 Pac. (2d) 536].) It is our conclusion that appellant's claim that the evidence established the defense of entrapment is untenable. (*People* v. *Harris,* 80 Cal. App. 328 [251 Pac. 823] ; *People* v. *Rucker,* 121 Cal. App. 361 [8 Pac. (2d) 938].) "

■ Appellant contends that the verdicts rendered do not refer to the information for the reason that there is no "State Narcotic Act." The verdicts read: "We, the Jury in the above entitled action, find the Defendant guilty of VIOLATION OF THE STATE NARCOTIC ACT, a felony, as charged in Count # 1 of the Information . . . as charged in Count # 2 of the Information."

Section 1404 of the Penal Code provides: "Neither a departure from the form or mode prescribed by this code in respect to any pleading or proceeding, nor an error or mistake therein, renders it invalid, unless it has actually prejudiced the defendant, or tended to his prejudice, in respect of a substantial right."

Both verdicts refer to the information and unmistakably express an intention to convict appellant of the crimes charged therein, therefore the form of the verdict must be regarded as immaterial.

Appellant urges there is no competent evidence to support the verdict in that officer Simmons was an accomplice and there was no corroboration of his testimony. There is no merit in this contention. One "who feigns complicity in the commission of a crime merely for the purpose of detecting and prosecuting the perpetrators is not an accomplice." (8 Cal. Jur. 175; *People* v. *Fitzgerald,* 14 Cal. App. (2d) 180, 199 [58 Pac. (2d) 718].)

It is contended that certain remarks made by the trial judge at the time he denied appellant's application for probation indicated that he "had pre-judged the defendant." The remarks objected to are as follows:

"This defendant seems to believe the way to get out of difficulty is to make false accusations against the officers on some theory that relieves him from liability for the offense committed by him."

In answer to the statement of appellant's counsel: "I am thoroughly convinced there is some doubt as to his guilt," the trial judge replied: "There isn't any doubt in my mind. I think one of the officers on the Los Angeles Police force whose integrity I have never heard questioned is Captain Chitwood, who for quite a long while was head of the Narcotic Squad. Among other things there appears in this file the following: 'This subject is well known to the officers of this Department as a persistent violator of the Narcotic Laws. This man was a partner of Ramon Contreras, one of the larger dealers in marihuana who was recently convicted. This subject is known as a bad man and has made threats to get the officers who apprehended him when he gets out'."

The granting or denying of an application for probation is a matter within the discretion of the trial judge, and the fact that he made the quoted remark and read the quoted excerpt from the probation officer's report is not sufficient to show an abuse of such discretion.

There is no merit in appellant's final point.

The appeals from the order denying probation and from the sentence are dismissed; the judgment of conviction is affirmed.

Doran, J., and White, J., concurred.