[Crim. No. 4331. Second Dist., Div. Three. May 19, 1949.]

THE PEOPLE, Respondent, v. ROY LEE LINDSEY, Appellant.

Max Solomon and John J. Bradley for Appellant.

Fred N. Howser, Attorney General, and Kent C. Rogers, Deputy Attorney General, for Respondent.

VALLEE, J.—Appellant was convicted of a violation of Penal Code, section 337a, subdivision 3, providing that every person who receives or holds, or purports or pretends to receive or hold, any money wagered or to be wagered, or offered for the purpose of being wagered, upon the result or purported result, of any contest or purported contest, of skill, speed or power of endurance between beasts, is guilty

of a public offense. He appeals from the judgment and from the sentence imposed. ■ As no appeal lies from the sentence, that appeal is dismissed. (*People* v. *Tallman,* 27 Cal. 2d 209, 215 [163 P.2d 857].)

The facts are these:

On August 10, 1948, at 3:50 a. m., a police officer in civilian clothes entered the premises at 2800 North Figueroa Street, Los Angeles. He asked appellant for and was served "a beer." The following conversation then occurred between the officer and appellant: Officer: "Did the cops take Bill?" Appellant: "Yes, they did." Officer: "Well, I wanted to make a bet on 'Mince,' in the 5th. Who will I see now?" Appellant: "I will. How much do you want to bet?" Officer: "Give me two to win and two to show on 'Mince' in the fifth at Del Mar." The officer handed appellant a $5.00 bill and appellant returned a $1.00 bill to him. Further conversation then occurred. Officer: "I'll be working in the morning and I want to phone in a bet. But I won't be near here. Where can I phone?" Appellant: "You can call me here." There was a paper and a pencil at appellant's elbow. The officer tore a piece off and wrote down the number which appellant gave him.

It was stipulated that "Mince" was a horse running on some track in the United States on August 10, 1948, and that the expression "$2.00 to win and $2.00 to show on 'Mince'" was a wager. On August 11, 1948, the officer returned to the premises and had the following conversation with appellant: Appellant: "I owe you $3.80 on 'Mince' and Ray owes you $12.90 on 'Bill Bartlem.' However, you didn't pay Ray the $4.00 that you bet, you didn't pay me the $2.00 that you phoned in this morning, that leaves me owing you $10.50." Appellant then gave the officer $10.50.

Appellant states his contention thus: "The appellant contends the misrepresentation on the part of the officer that he was personally acquainted with one 'Bill' together with the fact the officer appeared as a customer and made a purchase of beer, amounted to an inducement to the appellant which lured appellant into the commission of a criminal act which originated in the mind of the officer."

■ Entrapment is the conception and planning of an offense by an officer and his procurement of its commission by one who would not have perpetrated it except for the trickery, persuasion, or fraud of the officer. Persuasion or allurement must be used to entrap. (*People* v. *Hall*, 133 Cal.App. 40, 45

[23 P.2d 783].) The officer must induce the defendant to commit a crime which he would not have committed without such inducement. (*People* v. *Makovsky*, 3 Cal.2d 366, 369 [44 P.2d 536].) It is not the entrapping of a criminal that the law frowns upon but the seduction of innocent persons into a criminal career by its officers. (*United States* v. *Wray*, 8 F.2d 429, 430.)

■ Where the doing of an act is a crime, regardless of the consent of anyone, the courts are agreed that if the criminal intent originates in the mind of the accused and the offense is completed, the fact that an opportunity was furnished, or that the accused is aided in the commission of the crime in order to secure the evidence necessary to prosecute him therefor, constitutes no defense. (15 Am.Jur. § 355, p. 24.) If the officer uses no more persuasion than is necessary to an ordinary sale, and the accused is ready and willing to make the sale, there is no entrapment. (*People* v. *Rucker*, 121 Cal.App. 361, 364 [8 P.2d 938]; *People* v. *Harris*, 80 Cal.App. 328, 331 [251 P. 823]; *In re Moore*, 70 Cal.App. 483, 488 [233 P. 805]; *People* v. *Heusers*, 58 Cal.App. 103, 104 [207 P. 908].) Where the defendant is not inveigled into commission of the crime there is no entrapment. (*People* v. *Rucker, supra; In re Moore, supra.*) ■ It is only when the criminal design is conceived in the mind of the officer and does not originate with the accused, and a decoy is used to ensnare the innocent and law-abiding by persuasion, deceitful representation, inducement or allurement into the commission of the crime, that there is entrapment. (*People* v. *Malone*, 117 Cal.App. 629, 633 [4 P.2d 287].) Where an accused knowingly commits a crime by selling to a police decoy, there is no entrapment.

The cases are legion holding that on a state of facts like those here entrapment is not established. (*People* v. *Makovsky*, 3 Cal.2d 366, 370 [44 P.2d 536], and cases there cited; *People* v. *Gelardi*, 77 Cal.App.2d 467, 476 [175 P.2d 855]; *People* v. *Grosafsky*, 73 Cal.App.2d 15, 18 [165 P.2d 757]; *People* v. *Grijalva*, 48 Cal.App.2d 690, 692 [121 P.2d 32]; *People* v. *Grossman*, 28 Cal.App.2d 193, 203 [82 P.2d 76].) Cases involving the receipt of money from a police officer as a wager on a horse race, are *People* v. *Kennedy*, 66 Cal.App.2d 522 [152 P.2d 513], and *People* v. *Cherry*, 39 Cal.App.2d 149 [102 P.2d 546].

■ There is a complete absence of evidence of any element of entrapment. The evidence warranted the court in inferring

918

that appellant was not persuaded or lured but that he willingly committed the crime and took the chance of arrest. The idea of receiving money as a wager on a horse race did not originate in the mind of the officer; it originated with appellant. He had a preexisting criminal intent. No inference of unlawful entrapment arises from the mere fact that when solicited by a decoy the accused committed a crime.

Appellant did not take the stand in his own defense. He made no claim below that he was induced, lured, persuaded or inveigled into taking the bets from the police officer. His claim is without substance here. (*People* v. *Lee*, 9 Cal.App.2d 109 [48 P.2d 1003].)

Judgment affirmed.

Shinn, P. J., and Wood, J., concurred.