[Crim. No. 2567.   Third Dist.   Oct. 26, 1954.]

THE PEOPLE, Respondent, v. TONY GUTIERREZ, Appellant.

388

Arthur W. Coats, Jr., for Appellant.

Edmund G. Brown, Attorney General, and Gail A. Strader, Deputy Attorney General, for Respondent.

SCHOTTKY, J.—This is an appeal from a judgment of conviction upon an information charging appellant with selling "flowering tops and leaves of Indian Hemp (cannabis sativa)," otherwise known as marijuana, in violation of section 11500 of the Health and Safety Code.

The record shows that on the evening of March 9, 1954, about 8:30 p.m., Jerome Murphy, a state narcotic inspector, was parked in a state car on B Street across from the Lakeview Motel in the city of Marysville. Appellant, driving a 1949 model Ford coupé, approached Murphy's car from the opposite direction on B Street, passed it, made a "U" turn, returned and came to a halt approximately two car lengths in front of the state vehicle. Appellant left the car he was driving and approached Murphy who remained in the driver's seat of the state car. Thereafter, according to the testimony of the state inspector, a conversation ensued in which appellant said he had "seven," didn't have "any more," and wanted $7.00 as they were "hard to get." Appellant then handed Murphy a cellophane package containing seven cigarettes, later

proved by chemical analysis to contain marijuana, for which the state inspector paid appellant $7.00 in state funds. It was brought out on examination of this witness that in the exchange the parties did not refer to the contents of the package other than by the use of the word "seven." Murphy also testified that before appellant left the scene he (Murphy) asked appellant if another purchase could be made the next day and appellant replied, "Maybe not, but probably Saturday night. And you will see me around there." However, no further purchases were made and an inspection of appellant's car and home failed to disclose any evidence of possession of narcotics.

At the time of the aforementioned sale of marijuana to Murphy, appellant was accompanied by one Mr. Lava, known to appellant as Robert, who was a passenger in the automobile. Lava was working as an undercover informer for the Bureau of Narcotic Enforcement, and about 30 to 45 minutes prior to the sale was searched by John Heinzer, a state narcotic inspector, who ascertained that he at that time had no narcotics on his person and no money except $1.00 which was given to him by the inspector. Lava was not available as a witness at the time of trial although efforts had been made by both prosecution and defense counsel to locate him.

Appellant testified that he met the informer whom he knew only as Robert in the Monte Carlo Café in Marysville. The latter asked appellant to take him some place in his car. Appellant told Robert that he did not have a car, but then borrowed a car from a friend. Appellant then drove informer Lava to a particular place as directed. At their destination Lava handed a package to appellant, the contents of which were unknown to appellant, and told him to deliver it to Inspector Murphy. Appellant received in exchange an unknown amount of money, returned to the car, and gave the money to Lava, who in turn gave appellant three dollars, one dollar of which appellant gave to his friend for the use of the car.

On cross-examination appellant flatly denied any interest in or knowledge of the amount of money paid by Murphy for the package, denied having had any conversation with Murphy at the time of the sale, and stated that the reason given by Lava for not delivering the package himself was that he (Lava) owed money to the person to whom the package was to be delivered.

In his endeavor to prove his defense of entrapment appellant called two witnesses, both of whom had pleaded guilty to

marijuana charges, who testified that on several prior occasions informer Lava had contacted them and given them marijuana which they sold to Inspector Murphy.

Appellant's sole contention on appeal is that the defense of entrapment and instigation was proved conclusively. Appellant argues that Lava's conduct with respect to appellant was in keeping with a general scheme for producing arrests by proposing and instigating the offense and furnishing the marijuana cigarettes with which it was carried out.

■ Entrapment is an affirmative defense imposing upon the accused the burden of proving that he was induced to commit the crime of which he is charged. (*People v. Braddock,* 41 Cal.2d 794, 803 [264 P.2d 521].) ■ The existence or nonexistence of entrapment is a question of fact for the trier of fact who is the sole judge of the weight and worth of the evidence. (*People v. Ryan,* 103 Cal.App.2d 904, 909 [230 P.2d 359].)

■ As was said in *People v. Lindsey,* 91 Cal.App.2d 914, 917 [205 P.2d 1114] (cited with approval in *People v. Braddock,* 41 Cal.2d 794, 802 [264 P.2d 521]) :

"Where the doing of an act is a crime, regardless of the consent of anyone, the courts are agreed that if the criminal intent originates in the mind of the accused and the offense is completed, the fact that an opportunity was furnished, or that the accused is aided in the commission of the crime in order to secure the evidence necessary to prosecute him therefor, constitutes no defense. [Citation.] ■ If the officer uses no more persuasion than is necessary to an ordinary sale, and the accused is ready and willing to make the sale, there is no entrapment."

■ The testimony of appellant and his witnesses by which he sought to establish his defense of entrapment was contradicted by the testimony of the People's witnesses and it was for the trial court to resolve the conflict. The trial court, sitting without a jury, rejected appellant's testimony and found him guilty. We are satisfied that the evidence in the record is sufficient to support the judgment of conviction and the implied finding that the defense of entrapment was not proved.

■ There is no merit in appellant's contention that a presumption adverse to the prosecution arose (Code Civ. Proc., § 1963, subd. 6) from the failure to produce as a witness the informer Lava, despite the repeated inquiries made in that regard by defense counsel. The record shows that the prosecu-

tion made an effort in good faith to produce Lava as a witness at the trial, but that neither the prosecution nor the defense was able to locate him.

The judgment is affirmed.

Van Dyke, P. J., and Peek, J., concurred.