[Crim. No. 5680. Second Dist., Div. Two. Nov. 19, 1956.]

THE PEOPLE, Respondent, v. RAUL MARTINEZ RAMOS, Appellant.

Philip S. Schutz for Appellant.

Edmund G. Brown, Attorney General, and G. A. Strader, Deputy Attorney General, for Respondent.

FOX, J.—Defendant was convicted of violating section 11500 of the Health and Safety Code, in that on July 16, 1955, he sold a narcotic known as heroin. He appeals from the judgment and the order denying his motion for a new trial.

Defendant does not deny making the sale. His sole point on appeal is that the evidence establishes as a matter of law the defense of entrapment.

On the afternoon of July 16, 1955, Deputy Sheriff Guiterrez, who was assigned to the narcotic detail, was introduced by another deputy sheriff to an informant known only as "Poncho." Guiterrez and Poncho went to the corner of Brooklyn and Mednick, in East Los Angeles, where the latter telephoned defendant, who was an acquaintance, that he wanted to see him. In about 10 minutes defendant drove up. Annie DeAnda was with him. Guiterrez and Poncho entered the car. A few minutes later, as defendant drove southerly on Mednick, Poncho asked him, "Have you got the stuff?" Defendant replied, "Yes." Poncho then said to Guiterrez, "Give me the money." The officer handed him "$24.00 for the stuff." Defendant then said something to Mrs. DeAnda that Guiterrez was unable to understand, whereupon she said to the officer, "We will drop you off at the next corner. We will take him [Poncho] with us, give him the stuff and then we will drive him back." Guiterrez objected to this, saying, "It is my money. I won't let him out of my sight." Mrs. DeAnda replied, "After all, you can't blame us. We don't know who you are and we can't take any chances."

Defendant continued driving to the corner of Mednick and First Streets, a distance of some two or three blocks from where the officer and Poncho had entered the car. He there made a right turn when Poncho said to him, "If you are going to act like that then let us off right here. We don't

want anything from you." Defendant then stopped the car, Guiterrez alighted and Poncho followed him. Thereupon Poncho said to defendant, "Well, are you going to give me the stuff?" At that point defendant handed Poncho a blue balloon containing ten capsules of heroin and received $24 from him.

According to the officer, this is all the conversation between him and Poncho on the one hand and defendant and Mrs. DeAnda on the other. Defendant, however, testified that Poncho stated several times that he was sick—"real sick;" that he wanted the stuff for his own use; that, in effect, Poncho begged him to sell the heroin to him. Defendant further testified that Poncho had, on a number of prior occasions, attempted to buy narcotics from him but without success; that he had told Poncho he was a user but not a "pusher," i. e., a peddler. He further testified that when Poncho called him on the telephone and said he wanted to see him, he (Poncho) said it was "important." There was not, however, anything said in that telephone conversation about narcotics, according to defendant.

 This court recently had occasion to review the law of entrapment in *People* v. *Cummings,* 141 Cal.App.2d 193 [296 P.2d 610] (hear. den.). It was there pointed out (p. 201) that "In *People* v. *Braddock,* 41 Cal.2d 794, 802 [264 P.2d 521], the court had this to say on the subject of entrapment: 'The many decisions in this state which define the defense of entrapment were reviewed in *People* v. *Lindsey,* 91 Cal. App.2d 914 [204 P.2d 1114], and the law stated as follows: "Where the doing of an act is a crime, regardless of the consent of anyone, the courts are agreed that if the criminal intent originates in the mind of the accused and the offense is completed, the fact that an opportunity was furnished, or that the accused is aided in the commission of the crime in order to secure the evidence necessary to prosecute him therefor, constitutes no defense. [Citations.] If the officer uses no more persuasion than is necessary to an ordinary sale, and the accused is ready and willing to make the sale, there is no entrapment.' (P. 917.) More recently it was held: 'It is not the entrapment of a criminal upon which the law frowns, but the seduction of innocent people into a criminal career by its officers is what is condemned and will not be tolerated. Where an accused has a preexisting criminal intent, the fact that when solicited by a decoy he

committed a crime raises no inference of unlawful entrapment.' [Citations.]''

Defendant's theory of entrapment is based on his own testimony that Poncho importuned him to make the sale because he said he was sick for lack of narcotics. He seeks to bolster his position by his further testimony that he had refused to sell Poncho narcotics on a number of previous occasions. The effect of the officer's testimony is that Poncho did not represent or pretend that he was ill or that he begged defendant to make the sale. In fact, the clear inference is that the heroin was not being purchased for Poncho's personal use but rather for his companion, Guiterrez. It was for the trial court to resolve this conflict and determine on a factual basis whether Poncho, the informant, was guilty of unreasonable persuasion or pressure in effecting the sale, or whether he used ''no more persuasion that is necessary to an ordinary sale'' and whether the defendant was ''ready and willing to make the sale.'' (*People* v. *Lindsey,* 91 Cal.App.2d 914, 917 [205 P.2d 1114].) Involved in making this determination was defendant's credibility, and the weight that should be given to his testimony. In view of defendant's obvious interest in the outcome of this case, the trial judge was not required to give credence to defendant's story and, from the implied findings, it is apparent that he did not. Since, according to defendant, Poncho did not mention narcotics in the telephone conversation but did state it was important to see him, and in view of the reluctance of defendant and his woman companion to make the sale in the presence of a stranger, it is a reasonable inference that defendant expected and intended to make a sale and took the contraband along for that purpose. From this the trial court could properly conclude that Guiterrez and Poncho merely provided ''the occasion for one engaged in illegal activities to ply his trade.'' (*People* v. *Bowlby,* 135 Cal.App.2d 519, 530 [287 P.2d 547].) This does not amount to entrapment. (*People* v. *Braddock, supra*; *People* v. *Bowlby, supra.*) From the foregoing it is clear that the evidence did not establish the defense of entrapment as a matter of law.

Judgment and order affirmed.

Moore, P. J., and Ashburn, J., concurred.