[Crim. No. 2693.    Third Dist.    Mar. 28, 1957.]

THE PEOPLE, Respondent, v. ROBERT CONLON et al., Appellants.

Robert Conlon and William R. Staats, in pro. per., and Lawrence F. Girolami, under appointment by the District Court of Appeal, for Appellants.

Edmund G. Brown, Attorney General, and G. A. Strader, Deputy Attorney General, for Respondent.

VAN DYKE, P. J.—Each appellant herein was convicted on two counts of violating section 11500 of the Health and Safety Code. They appeal from the judgments and from the orders denying their separate motions for new trial.

The first count of the indictment against appellants charged them with unlawfully possessing, transporting, selling, furnishing or giving away marijuana, committed on July 22, 1955. The second count charged a like offense committed on July 25, 1955. As to Count One, the evidence may be summarized as follows: One Nick Alvarez was employed by the sheriff's office of Stanislaus County during the month of July, 1955, in the capacity of an undercover operator in the narcotics detail. While acting in this capacity on July 22, 1955, he observed the appellant Robert Conlon in an alley near 7th Street in Modesto. Conlon called out to Alvarez as

Alvarez drove by in his auto. Alvarez stopped and Conlon approached. After some conversation he told Alvarez that he wanted some marijuana. Alvarez said he did not have any, but if Conlon knew where he could pick up some, he would get it. Conlon then got into the car and told Alvarez to drive to a certain point in Modesto. There they found several men sitting in a park. Conlon got out, talked to some of the group and returned to the car, telling Alvarez that one of the men had marijuana at his house and had gone to get it. When that person returned, Conlon asked Alvarez for a dollar and on receiving it, walked toward the other man and handed him two one dollar bills, receiving an object. Conlon returned to Alvarez and told him that if he wanted to get "high" they would leave with another man in his automobile. After driving out toward the country, Conlon lit a cigarette, the object he had received, but there was some talk about its being of unsatisfactory quality, and they all returned to the park. There, they observed a Buick car drive up, and Conlon said the driver had some "good stuff" with him. He then walked to the Buick, in which appellant Staats was seated, handed Staats something and then returned to where Alvarez was waiting. He gave Alvarez a brown cigarette. Alvarez asked him how much marijuana Staats would sell for $10. Conlon returned to Staats, talked with him and then told Alvarez that Staats said he would give him half a can for $10, and that they were to return in half an hour. Alvarez and Conlon left and later returned. Staats soon drove up in his car. Conlon went to him, talked with him and returned to Alvarez, asking for the $10. He received it, went back to Staats, reached into the car and took out a package which he brought back and delivered to Alvarez. Before handing the package over, he told Alvarez he would take some marijuana in payment for his troubles in the transaction. He did so, delivering the balance to Alvarez. It was shown that this was marijuana.

The evidence as to the second count may be summarized as follows: On July 25, 1955, Alvarez again contacted Conlon at the State Club in Modesto. He asked Conlon if he knew where marijuana could be obtained, and Conlon told him to drive to the state hospital, where there was a man who had it. They drove to the hospital; Conlon left the car and went into the hospital but returned about 15 minutes later, saying that the man he intended to see was not working that day. He then told Alvarez to drive to appellant Staats' home. As they

passed the house, Conlon told Alvarez to make a U turn, not to park directly in front. Conlon went into the house and came out with Staats. The two got into Alvarez' car, where Staats told Alvarez he had 20 "joints" which he would sell for $15. Alvarez said that would be all right, and Staats left the car and returned to his house. Conlon remained in the car. Staats came back, entered the car and handed Alvarez 18 marijuana cigarettes, telling him to drive off as he, Staats, was going to light up the other two and get "high." Alvarez paid Staats $15 for the 18 cigarettes. After driving awhile, Staats lit the cigarettes, Conlon smoked one, and they passed one to Alvarez, who pretended to smoke it and handed it back to one of the others. Alvarez drove Staats home and drove back to town with Conlon.

With respect to appellant Staats, additional evidence was received that between July 26 and August 1, 1955, Staats, with two other men, made a trip to Mexico and brought a quantity of marijuana to Modesto. This evidence was introduced over the objections of both appellants.

The first contention advanced is that the evidence is insufficient to support the conviction of Conlon for the alleged violation of July 25, 1955. The argument is that not once did Conlon have the marijuana in his possession; that he did not receive any money paid by Alvarez to Staats; that he did not in any way participate in the transaction but was a mere observer. The contention cannot be sustained. The evidence we have heretofore narrated sufficiently shows that he was directly concerned in the commission of the crime and aided and abetted its commission. (Pen. Code, § 31.) He directed Alvarez to the home of Staats, directed him to park in such a way as not to excite suspicion. He went into the Staats house and, inferably, told Staats that Alvarez wanted to buy marijuana. He was present when the sale was made to Alvarez. The jury could conclude that he was so intimately concerned with the whole transaction as to be fairly held to have aided and abetted Staats in the commission of the crime.

Appellant Conlon contends that he was the victim of entrapment. The evidence we have narrated, while it does contain proof of suggestions by Alvarez that marijuana be obtained and other acts of Alvarez which might be described as acts in collaboration with Conlon in obtaining marijuana, nevertheless, the most that can be said is that the evidence was sufficient to make the defense of entrapment an issue of

fact which the jury, under appropriate instructions, resolved against appellant. ■ Entrapment is a positive defense, imposing upon an accused the burden of showing that he was induced to commit the act for which he is on trial. (*People* v. *Schwartz,* 109 Cal.App.2d 450, 455 [240 P.2d 1024].)

■ Entrapment is the conception and planning of an offense by an officer and his procurement of its commission by one who would not have perpetrated it except for the trickery, persuasion or fraud of the officer. (*People* v. *Lindsey,* 91 Cal. App.2d 914, 916 [205 P.2d 1114].) Where the record shows a conflict in the evidence as to entrapment, the judgment will not be reversed. (*People* v. *Braddock,* 41 Cal.2d 794, 803 [264 P.2d 521].) ■ The evidence is sufficient to uphold the jury's implied finding that entrapment had not been practiced.

■ The evidence of the trip made by appellant Staats to Mexico a few days after the occurrences on July 25th which formed the basis of the second count, was introduced against Staats alone, and the trial court admonished the jury on several occasions they were not to consider it in connection with the guilt or innocence of Conlon. If admissible against Staats, therefore, Conlon cannot complain. We cannot assume that the jury did not obey the admonitions of the court. ■ The evidence was admissible as to Staats. It tended, logically, naturally and by reasonable inference, to establish facts material to the prosecution. It showed motive, scheme, plan and system on the part of Staats in transactions involving the possession and sale of marijuana. It showed that he was familiar with marijuana and tended to prove the essential of the crimes with which he was charged, that is, knowledge that the substance he had and sold was marijuana. (*People* v. *Winston,* 46 Cal.2d 151 [293 P.2d 40].) ■ It may be added that the court had properly instructed the jury that: ''The corpus delicti of the crime of possession of marijuana is: . . . (3) The defendant must have knowledge that such objects in his possession is a narcotic.'' It was, therefore, properly admitted.

The judgments and the orders appealed from are affirmed.

Peek, J., and Schottky, J., concurred.