[Crim. No. 1191. Fourth Dist. Jan. 23, 1959.]

THE PEOPLE, Respondent, v. MANUEL CASTRO, Appellant.

334

Alan T. Selznick for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Assistant Attorney General, for Respondent.

MUSSELL, Acting P. J.—Appellant was charged with furnishing a narcotic (Health & Saf. Code, § 11500) a felony, in that on or about the 14th day of January, 1958, he did wilfully, unlawfully and feloniously furnish and give away a narcotic, to wit, codeine. Two prior felony convictions for possession of narcotics alleged in the information were admitted and a jury trial resulted in a verdict finding the appellant guilty as charged. Upon motion of the district attorney the allegations of the prior convictions were dismissed by the trial court in the interests of justice. Appellant's application for probation was denied, and on May 27, 1958, he was sentenced to the state prison for the term prescribed by law for the offense charged and it was further ordered "that the sentence imposed shall run concurrent with any prior sentence or sentences that the defendant may be obligated to serve."

On April 8, 1955, appellant entered a plea of guilty, in the Superior Court of San Bernardino County, to the crime of possession of a narcotic, a felony. His application for probation in that case, Superior Court Number 10404, was granted for a period of three years and on May 27, 1958, the court vacated, revoked and set aside said probation and appellant was sentenced to state prison for the term prescribed by law on this charge. The sentence was ordered "to run concurrent with any prior sentence that defendant may be obligated to serve." Appellant appeals from the judgment in the instant case, tried by a jury, Superior Court Number 12490, and from "the judgment and sentencing in regard to revocation of probation in case No. 10404." No appeal lies from sentences. (*People* v. *Gallardo*, 41 Cal.2d 57, 60

[257 P.2d 29].) The appeal from the sentence herein is therefore dismissed and the appeal herein will be considered as having been taken from the judgment. (*People* v. *Yarter,* 138 Cal.App.2d 803, 805 [292 P.2d 649].)

In October, 1957, Joaquin Acosta, an undercover agent for the San Bernardino County sheriff's office, was asked by city detectives to see what he could find on appellant if he saw him. Acosta met appellant about six times prior to January 14, 1958, and on that date met appellant at the Turf Club in San Bernardino. Acosta asked appellant if he had any "stuff" with him and appellant said that he did not. Appellant and a friend asked Acosta if he could give them a ride home and after dropping the friend off appellant and Acosta drove to appellant's home. They entered through a side door and went through the kitchen into the den where appellant began to play Hi-Fi records. He left the room several times and one time when he came back into the living room he had a black and green capsule in his hand which he gave to Acosta, saying: "Here, man, this will do you some good." Acosta took the capsule, made a motion to put it in his mouth, and when appellant turned away Acosta put the capsule in his pocket. Later, he delivered the capsule to the city detective and upon analysis and examination by a qualified expert it was found to contain the narcotic codeine. The capsule was delivered to Acosta without any request having been made therefor by him. On December 8, 1957, a pharmacist had filled a prescription for appellant. This prescription called for the use of codeine and authorized the use of the medicine by appellant and by no one else. Appellant testified that on December 8, 1957, he had injured his shoulder in an automobile accident and had obtained a prescription from a doctor to relieve the pain; that on the night of February 14, 1958, he was suffering from pain in his shoulder and decided to take a capsule; that Acosta, who was present at the time, asked to see the capsule and when he (appellant) placed some in his hand Acosta took one and pretended to swallow it.

Appellant contends that the evidence is insufficient to support the verdict of the jury; that if there was any transferring of narcotics by him, the "result was due to the undercover agent instilling in the mind of appellant, who was innocent of any criminal purpose, the original intent to do the act, thus entrapping him into the commission of a crime he would not otherwise have committed or even contemplated." These contentions are without merit.

336

■ In *People* v. *Mangiameli,* 149 Cal.App.2d 642, 645 [308 P.2d 762], the court held that where evidence, circumstantial or otherwise, establishes that a crime has been committed and that the accused was the perpetrator thereof, an appellate tribunal in reviewing a conviction will not appraise the weight of the evidence but will consider and determine only whether, upon the face of the evidence, it can justly be held that the trier of facts could not have found sufficient facts to warrant the inference of guilt.

■ In *People* v. *Bobeda,* 143 Cal.App.2d 496, 500 [300 P.2d 97], it is held that the trial court's determination of the truth or veracity of a witness is final, and it is not required to accept as true the testimony of a witness even though not contradicted.

■ This is not the type of a case in which the law requires corroboration (*People* v. *Gebron,* 124 Cal.App.2d 675, 676 [268 P.2d 1068]). The testimony of the undercover agent was clear and coherent and while the testimony of appellant was in conflict therewith, the jury had the authority to determine the conflict and its finding cannot be disturbed on appeal.

■ In *People* v. *Lindsey,* 91 Cal.App.2d 914, 916 [205 P.2d 1114], it was held that entrapment is the conception and planning of an offense by an officer and his procurement of its commission by one who would not have perpetrated it except for the trickery, persuasion or fraud of the officer; that the officer must induce the defendant to commit a crime which he would not have committed without such inducement; that:

■ "Where the doing of an act is a crime, regardless of the consent of anyone, the courts are agreed that if the criminal intent originates in the mind of the accused and the offense is completed, the fact that an opportunity was furnished, or that the accused is aided in the commission of the crime in order to secure the evidence necessary to prosecute him therefor, constitutes no defense. (15 Am.Jur. § 355, p. 24.) If the officer uses no more persuasion than is necessary to an ordinary sale, and the accused is ready and willing to make the sale, there is no entrapment. (*People* v. *Rucker,* 121 Cal.App. 361, 364 [8 P.2d 938]; *People* v. *Harris,* 80 Cal.App. 328, 331 [251 P. 823]; *In re Moore,* 70 Cal.App. 483, 488 [233 P. 805]; *People* v. *Heusers,* 58 Cal.App. 103, 104 [207 P. 908].) ■ Where the defendant is not inveigled into the commission of the crime there is no entrapment. (*People* v. *Rucker, supra.*) It is only when the criminal design is con-

ceived in the mind of the officer and does not originate with the accused, and a decoy is used to ensnare the innocent and law-abiding by persuasion, deceitful representation, inducement or allurement into the commission of the crime, that there is entrapment.''

Entrapment is an affirmative defense imposing upon the accused the burden of proving that he was induced to commit the crime of which he is charged, and the existence or nonexistence of entrapment is a question of fact for the trier of fact who is the sole judge of the weight and worth of the evidence. (*People* v. *Gutierrez,* 128 Cal.App.2d 387, 390 [275 P.2d 65].) The evidence herein warranted the jury in inferring that appellant voluntarily furnished and gave a narcotic to the witness Acosta as charged in the information, and that appellant was not inveigled into the commission of the crime. Appellant has presented no argument, authority or grounds for reversal of the judgment entered by the trial court upon revocation of his probation.

The judgments are affirmed.

Shepard, J., and Stone, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.