[Crim. No. 7824.   Second Dist., Div. Two.   Dec. 19, 1961.]

THE PEOPLE, Plaintiff and Respondent, v. LARRY
AUSTIN, SR., Defendant and Appellant.

Larry Austin, Sr., in pro. per., for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Norman H. Sokolow, Deputy Attorney General, for Plaintiff and Respondent.

HERNDON, J.—Appellant Austin and others were indicted by the Grand Jury of the County of Los Angeles on various counts of selling, furnishing and giving away marijuana in violation of section 11531 of the Health and Safety Code. Appellant was charged in Counts I, II and III of the indictment with offering to sell, selling, furnishing and giving away marijuana on October 25, 26 and 27, 1960. In Counts VI and VIII he was similarly charged on subsequent dates. Appellant entered a plea of not guilty and in a nonjury trial was found guilty as to Counts I, II and III, and not guilty as to Counts VI and VIII. He appeals from the judgment of conviction.

Appellant contends (1) that the evidence shows unlawful entrapment, and (2) that the evidence is insufficient to support the judgment of conviction. These contentions are without merit.

Officer Johnson, of the Los Angeles Police Department, testified to the following effect: On October 25, 1960, he met defendant Rosemary Ricks at an establishment in Los Angeles known as the Red Hut. A conversation ensued in which defendant Ricks asked the officer if he had any marijuana. When he answered in the negative, she said that she knew where some could be had. Following her directions, the officer drove

with her to 1016 East 24th Street in Los Angeles. Upon arriving they entered the premises and met appellant. Defendant Ricks asked appellant if he had any ''pot,'' narcotic jargon for marijuana. He answered in the affirmative, adding that he had only two ''sticks'' but knew where he could get more. Appellant then directed them to 810 West 52d Street. Upon arriving at this address, appellant received $12 from the officer and $1.50 from the defendant Ricks. He entered the house at this address, returned shortly and handed the officer a package containing a green leafy substance.

The three then proceeded to 1016 East 24th Street where appellant invited Officer Johnson and defendant Ricks to join him inside. Appellant unwrapped a paper bindle, rolled three brown paper cigarettes and handed them to defendant Ricks. Defendant Ricks and Officer Johnson then left and returned to the Red Hut. The officer departed shortly thereafter and went to the Police Administration Building where he marked the package given him by appellant and placed it in a Manila folder. This package was introduced into evidence and a police chemist testified that it contained 25 grams of marijuana.

On October 27, 1960, Officer Johnson again contacted appellant, saying he needed more marijuana. The two of them went to the same address and the officer gave appellant $12 with which to make the ''buy.'' While the officer waited in the street, appellant went inside the premises and returned shortly thereafter with a package containing a green leafy substance. This package was received in evidence and the chemist testified that it contained 32 grams of marijuana.

Officer Calhoun of the Los Angeles Police Department testified at the trial that on October 26, 1960, he made contact with defendant Robinson at a tavern located at Adams and Central in Los Angeles. Officer Calhoun told defendant Robinson he wanted some ''pot.'' Robinson thereupon approached appellant who was standing nearby, conversed with him and then told Officer Calhoun that ''$12.00 will start the deal to working.'' The officer gave defendant Robinson $12 which he immediately handed to appellant. Appellant left and later returned to tell the officer that he had been unable to procure any marijuana for him, but stated that he would be able to do so if the officer would give him more time. The officer made no objection and appellant left. The officer did not see appellant again until the date of his arrest.

Appellant's contention that he was the victim of entrapment

is clearly without merit. ▮▮ Entrapment is the conception and planning of an offense by an officer and his procurement of its commission by one who would not have perpetrated it except for the inducement of the officer. (*People* v. *Castro*, 167 Cal.App.2d 332, 336 [334 P.2d 602]; *People* v. *Lindsey*, 91 Cal.App.2d 914, 916 [205 P.2d 1114].) ▮▮ Where an accused has a preexisting criminal intent, the fact that when solicited by a decoy he commits a crime, raises no inference of unlawful entrapment. (*People* v. *Braddock*, 41 Cal.2d 794, 802 [264 P.2d 521].) ▮▮ Merely furnishing the defendant with an opportunity to make an illegal sale of a narcotic is not entrapment. (*People* v. *Ballard*, 145 Cal.App.2d 94, 100 [302 P.2d 89].) If the officer uses no more persuasion than is necessary to an ordinary sale, and the accused is ready and willing to make the sale, there is no entrapment. (*People* v. *Castro*, *supra*, 167 Cal.App.2d 332, 336; *People* v. *Rucker*, 121 Cal.App. 361, 364 [8 P.2d 938].)

▮▮ In the instant case the officers merely presented the appellant with the opportunity to sell marijuana. ▮▮ The existence or nonexistence of entrapment is a question of fact for the trier of fact, who is the sole judge of the weight and worth of the evidence. (*People* v. *Castro*, *supra*, 167 Cal. App.2d 332, 337; *People* v. *Gutierrez*, 128 Cal.App.2d 387, 390 [275 P.2d 65].) ▮▮ Manifestly, there was sufficient substantial evidence to support a finding that appellant voluntarily furnished narcotics to the officers and that he was not inveigled into the commission of crime. (See *People* v. *Rucker*, *supra*, 121 Cal.App. 361, 364.)

▮▮ Appellant argues that there was no corroborating testimony to prove his commission of the crimes charged. There is no requirement that the officer's testimony be corroborated in a case of this character. (*People* v. *Lollis*, 177 Cal.App.2d 665, 670 [2 Cal.Rptr. 420]; *People* v. *Castro*, *supra*, 167 Cal.App.2d 332, 336; *People* v. *Sterling*, 162 Cal. App.2d 738, 739 [328 P.2d 462].)

▮▮ The testimony of the officers as herein recited was clearly sufficient to support the trial court's finding that appellant was guilty of the offenses of which he was convicted. Officer Johnson testified that he gave money to appellant on two separate occasions in return for marijuana which appellant readily and willingly provided. Officer Calhoun testified that appellant retained money given him in exchange for his offer and promise to deliver marijuana. It would serve no useful purpose to recite conflicting testimony of witnesses for the

190

defense. ▮▮▮ The determination of the credibility of the witnesses and the weight of the evidence is the exclusive province of the trial judge or jury. (*People* v. *Simpson,* 43 Cal.2d 553, 562-563 [275 P.2d 31] ; *People* v. *Lollis, supra,* 177 Cal.App.2d 665, 670; *People* v. *Bobeda,* 143 Cal.App.2d 496, 500 [300 P.2d 97].)

The judgment is affirmed.

Fox, P. J., and Ashburn, J., concurred.

A petition for a rehearing was denied January 8, 1962, and appellant's petition for a hearing by the Supreme Court was denied February 14, 1962.