[Crim. No. 3763.  First Dist., Div. Two.  Sept. 20, 1960.]

THE PEOPLE, Respondent, v. ALEX CHAVEZ, Appellant.

Robert L. Green, under appointment by the District Court of Appeal, for Appellant.

Stanley Mosk, Attorney General, Arlo E. Smith and John S. McInerny, Deputy Attorneys General, for Respondent.

DRAPER, J.—A jury found appellant guilty of selling or furnishing marijuana on five dates between February 26 and April 10, 1959. He was sentenced to prison, and appeals from the judgment and the order denying his motion for new trial.

He first contends that the evidence establishes, as a matter of law, his claimed defense of entrapment.

Appellant had served a term in state prison for possession of heroin, the last three years in the medical facility at Vacaville where he had been treated for narcotics addiction. He was paroled in September, 1958. One Salinas,

a paid informant employed by the police about February 19, 1959, had met appellant early in that month. About a week before February 26 he told appellant that he (Salinas) was about to receive a quantity of marijuana from Texas. On two or three other occasions, he mentioned marijuana generally, without seeking to purchase any. On each of these occasions, appellant said that he was a parolee and did not want to know anything about narcotics. On February 26 Salinas for the first time asked appellant to sell him marijuana cigarettes, and appellant promptly did so. Another sale was made March 6, again at the instance of Salinas. On March 28, April 3 and April 10 appellant offered to furnish marijuana to Salinas, without request by the latter, and did so. It is entirely clear that this evidence falls far short of establishing entrapment as a matter of law (*People* v. *Benford,* 53 Cal.2d 1 [345 P.2d 928]).

The issue of entrapment was submitted to the jury, which found against appellant. ■ If it may reasonably be inferred that defendant had a preexisting criminal intent, the mere fact that he committed a crime when solicited by a decoy does not establish entrapment (*People* v. *Nunn,* 46 Cal.2d 460, 471 [296 P.2d 813]; *People* v. *Terry,* 44 Cal.2d 371, 372 [282 P.2d 19]; *People* v. *Malotte,* 46 Cal.2d 59, 64 [292 P.2d 517]). ■ The evidence here clearly warrants the inference that appellant was not an innocent person seduced into a criminal career by officers of the law (*People* v. *Roberts,* 40 Cal.2d 483, 489 [254 P.2d 501]). The jury's implied finding is supported by the evidence.

Appellant asserts that this defense is permitted out of regard for the dignity of the courts and in the performance of their duty to apply proper standards for enforcement of the criminal law (*People* v. *Benford, supra,* 53 Cal.2d 1, 9). Hence, he argues, it was error to submit the issue of entrapment to the jury. But the decisions are to the contrary (*People* v. *Ballard,* 167 Cal.App.2d 803, 821 [335 P.2d 204]; *People* v. *Gallagher,* 107 Cal.App. 425 [290 P. 504]; see also *People* v. *McCrasky,* 149 Cal.App.2d 630 [309 P.2d 115]).

■ Appellant asserts error in the instruction that "entrapment is a positive defense imposing upon an accused the burden of showing that he was induced to commit the act for which he is on trial." But this statement of the law has often been asserted. (*People* v. *Terry,* 44 Cal.2d 371, 372 [282 P.2d 19]; *People* v. *Braddock,* 41 Cal.2d 794, 803 [264 P.2d 521]; *People* v. *Lollis,* 177 Cal.App.2d 665, 670 [2

Cal.Rptr. 420]; *People v. Jones,* 176 Cal.App.2d 743, 749 [1 Cal.Rptr. 637]; *People v. Price,* 172 Cal.App.2d 776, 779 [342 P.2d 437]; *People v. Castro,* 167 Cal.App.2d 332, 337 [334 P.2d 602]; *People v. Schwartz,* 109 Cal.App.2d 450, 455 [240 P.2d 1024]; *People v. Grijalva,* 48 Cal.App.2d 690, 694 [121 P.2d 32]). In some situations, a particular form of entrapment may negate or eliminate an essential element of the crime charged (see 14 Cal.Jur.2d, Criminal Law, § 209). In such case, of course, this instruction would be erroneous because it would relieve the prosecution of its burden of proving the crime beyond a reasonable doubt. Here, however, no such situation is presented. ▇▇▇ If the evidence of entrapment be viewed in the light most favorable to appellant, it contains nothing going to the elements of the crime. The record cannot be construed to negate appellant's intent to make the several sales here charged. At most, it shows that this intent was induced by acts of law enforcement officers.

▇▇▇ In the strict sense in which entrapment is here asserted, it is a defense "not because the defendant is innocent but because . . . 'it is a less evil that some criminals should escape than that the Government should play an ignoble part.' " (*People v. Benford, supra,* 53 Cal.2d 1, 9.) ▇▇▇ Thus the instruction was proper in this case, and did not relieve the prosecution of its prescribed burden of proof.

▇▇▇ The trial court did not err in failing to instruct that evidence of appellant's prior use of or traffic in narcotics was not to be considered on the issue of entrapment. That evidence was introduced wholly by appellant for the apparent purpose of showing that he was peculiarly susceptible to being lured by Salinas into the furnishing of marijuana. Had the court on its own motion given the instruction for which appellant now argues, it would have prejudiced him by removing from jury consideration an element which he then deemed vital to his defense of entrapment.

▇▇▇ There is testimony that appellant was interviewed by officers after his arrest and admitted the sales charged. He was then told that further interview would be recorded. In the recorded interview his answers, particularly in the light of his previous admission, were evasive and equivocal. There was no error in admitting the recording.

Judgment affirmed.

Kaufman, P. J., and Shoemaker, J., concurred.