[Crim. No. 3748.   First Dist., Div. Two.   Oct. 28, 1960.]

THE PEOPLE, Respondent, v. CHIN LOY, Appellant.

Edward T. Mancuso, Public Defender, and Joseph I. Mc-Namara, Deputy Public Defender, for Appellant.

Stanley Mosk, Attorney General, and Albert W. Harris, Jr., Deputy Attorney General, for Respondent.

DRAPER, J.—A jury found defendant guilty of sale of heroin. He admitted three prior narcotic convictions. He appeals from the order denying new trial and from the ensuing judgment. His principal contention is that the defense of entrapment was established as a matter of law.

Clarence Lee, a Chinese, was employed from time to time by the attorney general as an undercover agent. Lee was sent to Santa Barbara in June 1959 to investigate gambling and narcotics. The chief of police there showed him appellant's picture. Lee met appellant and cultivated his acquaintance. On the day after their meeting, Lee told appellant that Lee

was enroute to Los Angeles to procure narcotics for a prostitute who was a drug addict. Lee testified that appellant spoke of distributing an ounce of heroin in Santa Barbara about a year before, said that he knew of a runner in San Francisco from whom he thought he might obtain narcotics, and said he might go to San Francisco with Lee to get narcotics. Lee bought bus tickets to San Francisco and agreed to pay appellant's expenses. There appellant twice delivered heroin to Lee and was paid therefor.

This evidence does not establish entrapment as a matter of law, since the jury could reasonably have inferred that appellant had a preexisting criminal intent (see *People v. Nunn,* 46 Cal.2d 460, 471 [296 P.2d 813]; *People v. Terry,* 44 Cal.2d 371, 372 [282 P.2d 19]; *People v. Malotte,* 46 Cal.2d 59, 64 [292 P.2d 517]), and was not an innocent person seduced into a criminal career by officers of the law (*People v. Roberts,* 40 Cal.2d 483, 489 [254 P.2d 501]; *People v. Schwartz,* 109 Cal.App.2d 450, 455 [240 P.2d 1024]).

Appellant's testimony would indicate that he was reluctant to engage in the drug traffic, but was induced to obtain heroin by Lee's requests, gestures of friendship, use of their common language, and appeals to sympathy. However, this question was for the jury, which was fully and properly instructed on the defense of entrapment. It is not our function to reappraise the effect of the evidence on this issue (*People v. Benford,* 53 Cal.2d 1, 5 [345 P.2d 928]).

After deliberating for a time, the jury asked for further instruction upon the elements of entrapment. The court pointed out that "Entrapment involves a state of mind," which can be determined only from what defendant says and from circumstantial evidence, and then said:

"We are not bound by what the defendant tells us was his state of mind. We are entitled to reject that if we wish to decide that his state of mind was something other than he told us in the light of any other evidence, if that is sufficient under the law to disprove what he tells us his state of mind was."

After rereading instructions defining reasonable doubt and circumstantial evidence, the court said:

"I just want to correct one thing. I think I said that entrapment involves state of mind and the defendant may testify as to what his state of mind is, but you do not have to accept his statement. I did not mean that you should not

accept his statement. That is for you, the jurors, to determine as I say, in the light of all the circumstances whether or not his statement is true in this regard.''

It is doubtful that singling out of the testimony of defendant for comment is error (*People* v. *Ottey,* 5 Cal.2d 714, 727 [56 P.2d 193] ; *People* v. *Keys,* 62 Cal.App.2d 903, 914 [145 P.2d 589] ; see also *People* v. *Friend,* 50 Cal.2d 570, 578 [327 P.2d 97]). But even where comment comparable to that here involved has been deemed erroneous, it has been held not prejudicial (*People* v. *Crews,* 110 Cal.App.2d 218, 221 [242 P.2d 64]). Any suggestion that the instruction first quoted should be construed as a direction to the jury to disregard appellant's testimony is completely dispelled by the later statement making clear that it was for the jury to determine whether his statements should be accepted or rejected. We are satisfied that there was no prejudice to appellant.

Judgment and order denying new trial affirmed.

Kaufman, P. J., and Shoemaker, J., concurred.