[Crim. No. 3834.   First Dist., Div. Two.   Jan. 12, 1961.]

THE PEOPLE, Respondent, v. MATHEW RIVERS, Appellant.

Duane W. Dresser, under appointment by the District Court of Appeal, for Appellant.

Stanley Mosk, Attorney General, Arlo E. Smith and John S. McInerny, Deputy Attorneys General, for Respondent.

KAUFMAN, P. J.—Appellant was charged by information with one count of violating section 11500 of the Health and Safety Code, for the unlawful sale of narcotics; the information also alleged four prior convictions for narcotics offenses. Appellant admitted the prior convictions and entered a plea of not guilty. On this appeal from the judgment of conviction and the order denying the motion for a new trial entered on a jury verdict finding him guilty, it is argued that: (1) The evidence as a matter of law established his claimed defense of entrapment. (2) The trial court erred in failing to instruct on entrapment on its own motion. (3) The judgment is duplicitous and uncertain. There is no merit in any of these arguments.

As no contentions are raised on appeal as to the sufficiency of the evidence to sustain the judgment, a brief review of the facts will suffice. A few days before December 2, 1959, a Mrs. Gloria Lomack, a special employee for the Narcotics Bureau, telephoned the appellant and arranged for a meeting for the purchase of narcotics. About 9 p. m. on December 2, Inspectors Lee, Fahey and Kane of the United States Narcotics Bureau, met with Mrs. Lomack in the vicinity of Laguna and Turk Streets. She was searched, including her handbag and jacket pockets, and supplied with $50 of government

funds. Agent Lee and Agent Fahey followed Mrs. Lomack as she left the car and walked to the Manor Plaza Hotel on Fillmore Street between Fulton and McAllister Streets.

Shortly thereafter, Mrs. Lomack met the appellant. They exchanged words and touched hands. The appellant then entered the hotel while Mrs. Lomack remained in the street. He returned about two minutes later, and then walked to a drugstore at Fillmore and McAllister Streets with Mrs. Lomack. Agent Lee followed them. After the appellant and Mrs. Lomack left the drugstore, they walked back toward the hotel. Agent Lee still followed. The appellant reentered the hotel while Mrs. Lomack waited on the street. After 10 minutes or so, the appellant returned and walked north on Fillmore Street with Mrs. Lomack. They stopped in the middle of the block and their right hands met. The appellant then turned and went back toward the hotel while Mrs. Lomack continued walking north on Fillmore Street where she was picked up by Agent Kane in the automobile. She gave a red balloon containing heroin to Agent Lee and returned $10 of the $50 in federal funds which had been given to her. Mrs. Lomack was under the surveillance of the agents during the entire period of time. She did not meet or talk to any person other than the appellant.

On December 15, several inspectors visited the appellant in his hotel room and he admitted making the sale to Mrs. Lomack. His arrest followed. At the trial, appellant took the stand in his own behalf, denied selling narcotics to Mrs. Lomack. He further stated that his meeting with her on December 2 had been accidental and that he had merely lent her $2.00 at her request. Mrs. Lomack, although a witness for the defense, testified that the appellant had sold her a balloon of narcotics, and that the transaction occurred in the manner established by the testimony of Agent Lee. She also stated that when she went to the drugstore with the appellant, he bought some red balloons.

The first argument on appeal is that the defense of entrapment was established as a matter of law. Appellant bases his argument on *Sherman* v. *United States,* 356 U.S. 369 [78 S.Ct. 819, 2 L.Ed.2d 848]. In that case, the informer, one Kalchinian, accidentally met the defendant at a doctor's office where apparently both were being treated to be cured of narcotic addiction. At this time, the informer was not being paid by the government, but was an active informer who had

instigated at least two other prosecutions. Repeated accidental meetings at the doctor's office progressed to a discussion of mutual experiences and problems including their attempts to overcome addiction. Finally, Kalchinian asked the defendant for a good source of narcotics. The defendant tried to avoid the issue. Not until after a number of repetitions of the request, predicated on Kalchinian's presumed suffering, did the defendant finally acquiesce, and shared a quantity of narcotics with the informer. The informer bore the cost of his share of the cost of the narcotics, and after several such transactions, informed agents of the Bureau of Narcotics that he had another seller for them. On subsequent occasions, government agents observed the defendant giving narcotics to the informer in return for money supplied by the government. The government agent in charge testified that he had never bothered to question Kalchinian about the way he made contact with the defendant. In reversing the judgment of conviction, the United States Supreme Court sustained the defendant's defense of entrapment as a matter of law, because the court concluded from the undisputed testimony of the prosecution witnesses that the criminal conduct was induced by the conduct of the informer. Aside from the factual distinction between the Sherman case and this one, there is another important difference which our Supreme Court pointed out in its extended analysis of the Sherman case in *People* v. *Benford,* 53 Cal.2d 1, 12 [345 P.2d 928] :

"Since the prosecution in California cannot prove prior criminality of defendant to overcome the defense of entrapment, the absence of such evidence here does not in and of itself have the significance which it had under federal law in the Sherman case (1958), *supra,* 356 U.S. 369. Our inquiry is not, as defendant's argument suggests, whether the prosecution has 'overcome the defense of entrapment' (p. 375 of 356 U.S.), but, as he states elsewhere in his briefs, whether the prosecution evidence as a matter of law shows entrapment."

In this state, the defense of entrapment is available only where the criminal design originates with the officials of the government and they implant in the mind of an innocent person the disposition to commit the alleged offense and induce its commission in order that they may prosecute. However, the fact that government agents merely afford opportunities or facilities for the commission of the offense does not constitute entrapment. (*People* v. *Benford,*

53 Cal.2d 1 [345 P.2d 928].) ■ "[E]ntrapment as a matter of law is not established where there is any substantial evidence from which it may be inferred that criminal intent to commit a particular offense originated in the mind of the accused. . . ." (*People* v. *Nunn*, 46 Cal.2d 460, 471 [296 P.2d 813].) ■ In the instant case, the appellant knew Mrs. Lomack quite well and had been her boy friend; the evidence indicated that she merely contacted him by telephone. The mere fact that the appellant committed a crime when he was solicited by a decoy does not establish entrapment. The evidence here clearly warrants the inference that the appellant was not an innocent person seduced into a criminal career by officers of the law. (*People* v. *Chavez*, 184 Cal.App.2d 741 [7 Cal. Rptr. 729]; *People* v. *Chin Loy*, 185 Cal.App.2d 715 [8 Cal.Rptr. 512].) One of the aspects of the illegal business of selling narcotics is that the willing buyer and willing seller must make some prior arrangements. Thus, the mere fact that Mrs. Lomack made an appointment with the appellant and first mentioned narcotics, is not enough to show entrapment. (*People* v. *Braddock*, 41 Cal.2d 794 [264 P.2d 521].) We can only conclude that the evidence does not even suggest the presence of any entrapment. (*People* v. *Chin Loy, supra*.) ■ It was also, therefore, proper for the trial court not to instruct the jury on entrapment. ■ It is the duty of the trial court in a criminal case to instruct the jury on its own motion on the general principles of law governing the case but this rule does not apply where the necessity for an instruction is not developed by the evidence introduced at the trial. (*People* v. *Whalen*, 124 Cal.App.2d 713 [269 P.2d 181].) In *People* v. *Chin Loy, supra*, and *People* v. *Chavez, supra*, entrapment instructions were properly given as the evidence warranted such instructions. ■ We may also note that at the trial, the appellant did not assert the defense of entrapment but merely denied the act with which he was charged and did not offer any instructions on entrapment. (*People* v. *Billingsley*, 59 Cal.App.2d Supp. 845 [139 P.2d 362]; *People* v. *Lee*, 9 Cal.App.2d 99 [48 P.2d 1003].)

■ The final argument on appeal is that the judgment was duplicitous and uncertain as it was based on an information which specified the violation of a statute prohibiting the possession of narcotics, while the language of the information was that the appellant "did unlawfully sell, furnish and give away a narcotic." Both the judgment and the information

specifically referred to section 11500 of the Health and Safety Code but also clearly indicated the crime was the *sale* of narcotics. The appellant argues that as a result of this variance, the judgment is uncertain and unequivocal on its face.

The state admits the presence of an error in the information. Prior to July 1959, section 11500 of the Health and Safety Code prohibited both the sale and possession of narcotics. The penalties for the various offenses were not specified in section 11500 but in sections 11712 and 11713 of the Health and Safety Code. Section 11712 provided that the punishment for the possession of narcotics was imprisonment in the county jail for not more than one year, or in the state prison for not more than 10 years; in case of prior convictions, the period of imprisonment was to be not less than two nor more than 20 years. Section 11713 provided that the penalty for the sale of narcotics was to be imprisonment in the county jail for not more than one year, or in the state prison from five years to life. Section 11713 further provided that if there had been any previous narcotics convictions, the punishment was to be 10 years to life. Section 11501 at this time related to the inducement of minors to violate the narcotics laws. In 1959, the Legislature amended these provisions. Sections 11712-11714 of the Health and Safety Code were repealed. (Stats. 1959, ch. 1112, p. 3193, § 1.) The new section 11500 related only to the offense of possession of narcotics other than marijuana, and prescribed that the punishment for such offense was ''imprisonment in the county jail for not more than one year, or in the state prison for not more than 10 years. . . .'' In case of prior convictions, the term of imprisonment was to be not less than two years, nor more than 20 years. The prohibitions against the sale and transportation of narcotics were moved to a new section 11501, while the provisions relating to minors of former sections 11501 and 11714 were moved to new sections 11502 and 11532. (Stats. 1959, ch. 1112, p. 3193, §§ 3, 4, 5 and 9.)

The new section 11501 also specified that the punishment for selling narcotics was to be by imprisonment in the county jail for not more than one year, or in the state prison from five years to life; in case of prior convictions, the punishment was to be from 10 years to life. All of these amendments were effective on June 23, 1959, and became operative on July 1, 1959. The information in the instant case was filed on February 19, 1960. While it may be argued that sufficient time had elapsed so that the district attorney would have be-

come cognizant of the above mentioned changes, it is apparent that appellant's counsel also did not notice the matter as there was no demurrer to the information.

It has been held that the failure to demur to an indictment which does not state the particulars of an offense with sufficient clarity is a waiver of the defects (*People* v. *Burness,* 53 Cal.App.2d 214 [127 P.2d 623]; *People* v. *Schoeller,* 96 Cal.App.2d 61 [214 P.2d 565]). We do not think, however, that there was a waiver in the instant case, but mere inadvertence on both sides; nor can it be argued that the appellant was in any way prejudiced by this defect. The purpose of the requirement of certainty in an indictment or information is to apprise the accused of the charges against him so that he may adequately prepare for his defense. It is clear from the language of the information quoted above that the defendant knew he was being charged with the sale of narcotics. Furthermore, the evidence presented at the trial was concerned only with the sale of narcotics. Thus, the appellant was plainly informed of the nature of his offense, and the designation of the wrong code section is immaterial. (*People* v. *Aresen,* 91 Cal.App.2d 26 [204 P.2d 389]; *People* v. *Eppinger,* 105 Cal. 36 [38 P. 538].) The defect was merely one of artificiality rather than substance. The judgment rendered was from the verdict which found the defendant guilty of a felony as charged in the information. [Even an uncertain judgment, which is not the case here, becomes reasonably certain by reference to the indictment and the record. (*In re Bramble,* 31 Cal.2d 43 [187 P.2d 411].)]

Section 960 of the Penal Code provides that "No accusatory pleading is insufficient, nor can the trial, judgment, or other proceeding thereon be affected by reason of any defect or imperfection in matter of form which does not prejudice a substantial right of the defendant upon the merits." It is argued that even if the offense was designated with sufficient clarity, a substantial right of the appellant was prejudiced as the punishment prescribed by the old section 11500 for a person like the appellant [i.e., with four prior narcotic convictions, three for a misdemeanor, and one for sale] was two to 20 years, while under the new section 11501, it is 10 years to life.

The above argument is based on the mistaken assumption of appellant's attorney that before 1959, the punishment for the sale of narcotics was prescribed by section 11712, rather than section 11713. As indicated above, section 11713 pro-

vided that the term for an individual with prior narcotic convictions *was to be 10 years to life* exactly the same as the provision in the new section 11501.

No prejudicial error appearing in the record before us, the judgment and order denying the motion for new trial are both affirmed.

Draper, J., and Shoemaker, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 8, 1961.