[Crim. No. 3890. First Dist., Div. Two. Apr. 18, 1961.]

THE PEOPLE, Respondent, v. MACK JOHN, Appellant.

George T. Davis and George C. Martinez for Appellant.

Stanley Mosk, Attorney General, and Arlo E. Smith, Deputy Attorney General, for Respondent.

DRAPER, J.—A jury found defendant guilty of two counts of bribery (Pen. Code, § 67). He was sentenced to prison,

the terms to run concurrently. He appeals from the judgment and the order denying new trial.

In June, defendant went to the office of Lieutenant Jones, head of the Special Services Division of the Richmond Police Department. They had not met before. Defendant said that he wanted to open an establishment in which his wife could operate as a palm reader. When Jones asked why defendant came to him, the latter said "this was the way this was done and that he knew I was the man to talk to." On leaving, defendant said "You think it over for a month or so . . . then we'll get together . . . ." The officer testified that defendant telephoned August 7 and 10, and came to the office August 11. The conversation was recorded. Defendant made plain that he did not want to pay the fee of $50 per day for a palmistry license, and wanted the officer to "take care of" complaints which might be made if operations began without a license. He said to the officer "You need something—come out to the house. I could probably help you with it. You know what I mean." To the officer's inquiry "You mean financially?" defendant replied "That is right." On August 20, the officer telephoned defendant. The conversation was again recorded. Defendant discussed his license fee in another location and said "I am not paying $1,200 for the license." To the officer's inquiry "You mean that you will pay it to me," defendant answered "Atta boy" and offered to pay it by the month, starting with "a couple hundred." This offer was the basis of Count 1 of the information.

On September 22, the officer again called defendant. In this recorded conversation defendant indicated he was going to try to get some kind of permit and keep the officer "definitely out of it." November 2 and 20 he called the officer and asked him to come to defendant's home to discuss the matter, but the officer refused. On November 30, the officer called defendant, and they agreed to meet that afternoon. At this meeting, defendant said he did not have the money, but would get it from the bank and meet the officer next day. At the appointed time they met, and defendant paid the officer $150. Shortly thereafter another officer, nearby by pre-arrangement, arrested defendant. The giving of this bribe is charged as Count 2.

In accordance with the established rule (*People* v. *Newland,* 15 Cal.2d 678 [104 P.2d 778]), we have recited the facts most favorable to respondent. However, when defendant testi-

fied in his own behalf, his only contradictory testimony was that most of the telephone calls were not made by him, but by Lieutenant Jones.

Although defendant captions his argument "The evidence is legally insufficient to support the verdict," his real argument is that the record establishes entrapment as a matter of law.

Thus the only question before us is "whether there is any substantial evidence in the record from which it may be inferred that the criminal intent . . . originated in the mind of the accused" rather than in the mind of the officer (*People* v. *Sweeney,* 55 Cal.2d 27, 49 [9 Cal.Rptr. 793, 357 P.2d 1049] ; *People* v. *Terry,* 44 Cal.2d 371, 372-373 [282 P.2d 19] ).

It is completely clear that the officer did not seek the first interview. Even if appellant's claim that he initiated all subsequent conversations be accepted, this fact does not compel the inference that the officer suggested the bribe (*People* v. *Sweeney, supra,* p. 50). Nor is entrapment established by the fact that the officer appeared to cooperate by furnishing opportunity to offer or pay the bribe (*People* v. *Finkelstin,* 98 Cal.App.2d 545, 553 [220 P.2d 934] ).

The jury could reasonably find that defendant had a preexisting criminal intent (*People* v. *Nunn,* 46 Cal.2d 460, 471 [296 P.2d 813] ; *People* v. *Malotte,* 46 Cal.2d 59, 64 [292 P.2d 517] ; *People* v. *Chin Loy,* 185 Cal.App.2d 715, 717 [8 Cal.Rptr. 512] ), and was not an innocent person seduced into a criminal career by officers of the law (*People* v. *Roberts,* 40 Cal.2d 483, 489 [254 P.2d 501] ; *People* v. *Chavez,* 184 Cal.App.2d 741, 743 [7 Cal.Rptr. 729] ). It follows that entrapment was not established as a matter of law.

The jury was fully and fairly instructed on the issue of entrapment, and defendant in no way suggests any error or omission in these instructions. It is not our function to reappraise the effect of the evidence upon this issue (*People* v. *Benford,* 53 Cal.2d 1, 5 [345 P.2d 928] ).

In his closing brief on appeal, defendant for the first time raises the point that but one offense is involved in the two counts upon which he was convicted and thus that but one punishment may be imposed. This contention was not even remotely suggested to the trial court. It is not argued in the opening brief here. Even in the closing brief, it is given no separate heading, but appears as an elaboration of the argument on entrapment. At oral argument, however, counsel

asserted that defendant can be punished but once for the course of conduct shown by this record.

The law punishes the offer as well as the giving of a bribe (Pen. Code, § 67; *People* v. *Finkelstin, supra,* p. 554; see also *People* v. *Brigham,* 72 Cal.App.2d 1, 6 [163 P.2d 891]). The rule against multiple punishment would apply, however, if but a single act constituted both the offer and the delivery of a bribe, or if a course of conduct which is not a divisible transaction violated both proscriptions of the statute (*Neal* v. *State,* 55 Cal.2d 11 [9 Cal.Rptr. 607, 357 P.2d 839], and cases there reviewed; *In re Dowding,* 188 Cal. App.2d 418, 422-423 [10 Cal.Rptr. 392]).

Whether a course of conduct is divisible, so as to give rise to more than one punishable act, is a question of fact. It depends upon the intent and objective of the actor (*Neal* v. *State, supra,* p. 19). Defendant, however, failed to raise the issue, and thus avoided any determination of this fact question by the jury at trial or by the trial judge at time of pronouncement of judgment.

This omission would not be determinative if the evidence compelled the conclusion that the offer of August 20 and the bribe of December 1 constituted an indivisible course of conduct. In such case, the issue would be one of law, and could be determined by the appellate court (see cases cited in *Neal* v. *State, supra,* 55 Cal.2d 11). Here, however, the evidence is open to the view that the bribe offered in August was wholly distinct from that given in December. The lapse of time, the difference in amounts, and all the circumstances, make this view completely reasonable. While the opposite conclusion can be reached on this record, the resolution of fact issues is not for this court.

Since the issue depends wholly upon determination of a question of fact, it cannot be raised for the first time on appeal. It is not our function to relieve defendant of one of his two concurrent sentences on his belated suggestion of possible error.

Judgment and order affirmed.

Kaufman, P. J., and Shoemaker, J., concurred.