[Crim. No. 3216. Fourth Dist., Div. One. Aug. 15, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. BRUCE CARL KERN, Defendant and Appellant.

Millikan, Montgomery, Franciscus & Olafson and Mortimer G. Franciscus for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Walter R. Jones, Deputy Attorney General, for Plaintiff and Respondent.

COUGHLIN, Acting P. J.—Defendant was convicted of the unlawful sale of Lysergic Acid (LSD); was granted probation; and appeals, contending (1) the evidence establishes entrapment as a matter of law; and (2) a condition of probation that he submit to search and seizure at any time by any law enforcement officer is unreasonable.

The sale occurred on July 19, 1967; was arranged by a "confidential informant" named McNerney, acting on direction of an undercover agent named Mooney; and was made to the latter.

Mooney received information from an undisclosed informant that a number of named individuals living at a designated address had "approximately 300 tablets of LSD for sale." McNerney indicated he knew some of the individuals; upon direction from Mooney went to the designated address; met defendant at this place; told the latter he knew somebody who wanted to buy LSD; and received the reply defendant did not have any LSD to sell but he knew somebody who had some. Thereafter McNerney again contacted defendant. It was arranged between them that either defendant or someone else would meet McNerney at a designated time and place to effect a sale. The contact was made as planned. Mooney was present; told defendant he wanted to purchase some LSD; and received a reply he, defendant had 100 he would sell for $250. Mooney asked if the LSD was any good and defendant told him "he had tried it, and it was good." Thereupon defendant left, saying "I'll go back to the house. I believe my partner has them counted out now"; returned with the LSD; delivered it to Mooney; and was paid $250. Mooney told defendant if the LSD was good he wanted to buy more of it but would not pay the same price. Defendant told him the price would be cheaper next time. At this time Mooney asked defendant if he could purchase some marijuana. The latter replied he had a friend coming into town later on that day from whom he would be able to obtain some marijuana.

The defense of entrapment is not established as a matter of law where the evidence warrants the inference the defendant had a pre-existing intent to sell dangerous drugs (*People* v. *Nunn*, 46 Cal.2d 460, 471 [296 P.2d 813]; *People*

v. *Terry,* 44 Cal.2d 371, 372-373 [282 P.2d 19]; *People* v. *Rivers,* 188 Cal.App.2d 189,. 193 [10 Cal.Rptr. 309]); that defendant was not an innocent person seduced into the commission of the offense by a government agent (*People* v. *Rivers, .supra,* 188 Cal.App.2d 189, 192-193; *People* v. *Chavez,* 184 Cal.App.2d 741, 743 [7 Cal.Rptr. 729]; *People* v. *Schwartz,* 109 Cal.App.2d 450, 455 [240 P.2d 1024]); and any persuasion or inducement used to effect the sale was no more than necessary to effect an ordinary sale. (*People* v. *Benford,* 53 Cal.2d 1, 10 [345 P.2d 928]; *People* v. *Braddock,* 41 Cal.2d 794, 802 [264 P.2d 521]; *People* v. *Makovsky,* 3 Cal.2d 366, 370 [44 P.2d 536]; *People* v. *Barone,* 250 Cal. App.2d 776, 781-782 [58 Cal.Rptr. 783]; *People* v. *DeJean,* 249 Cal.App.2d 220, 228-229 [57 Cal.Rptr. 211]; *People* v. *Munoz,* 198 Cal.App.2d 649, 656 [18 Cal.Rptr. 82].)

In the case at bench an inference defendant had a pre-existing criminal intent is supported by evidence showing (1) he readily accepted McNerney's suggestion to sell LSD to a third person whom he did not know; (2) he was not persuaded, deceived or coerced to make the sale; (3) he had a source of supply; (4) he lived with a seller; (5) he associated with people who were users; (6) he fixed the price which was in accord with that received by those engaged in the illegal sale of LSD; and (7) he had a source of and a. willingness to sell marijuana. (*People* v. *Sweet,* 257 Cal. .App.2d 167, 170 [65 Cal.Rpr. 31]; *People* v. *Estrada,* 211 .Cal.App.2d 722, 726 [27 Cal.Rptr. 605]; *People* v. *Munoz, supra,* 198 Cal.App.2d 649, 657.)

..The evidence shows McNerney did no more than suggest to .defendant, a suspected law violator, that the latter sell LSD to a third person, and defendant acted on this suggestion. These circumstances do not establish entrapment. (*People* v. *Benford, supra,* 53 Cal.2d 1, 10, 13; *People* v. *Sweet, supra,* 257 Cal.App.2d 161, 170; *People* v. *Schwartz, supra,* 109 Cal.App.2d 450, 455.)

██ Defendant was granted probation upon condition, among others, that he use no narcotics; associate with no known narcotic users; violate no laws; and submit his person and property to search and seizure at any time of the day or night by any law enforcement officer with or without a warrant. He contends the latter condition is unreasonable and should.be.stricken.

In granting probation a court may impose such "reasonable conditions, as it may determine are fitting and proper

. . . for the reformation and rehabilitation of the probationer. . . ." (Pen. Code, § 1203.1.)

Imposition of the condition that defendant submit to a search by law enforcement officers at any time as a condition to probation does not present a constitutional question. (*People* v. *Williams*, 247 Cal.App.2d 394, 407 [55 Cal.Rptr. 550].) Defendant was at liberty to refuse probation with the attached condition. (*People* v. *Osslo*, 50 Cal.2d 75, 103 [323 P.2d 397].) The issue is whether the condition is reasonable. A probationer is subject to the supervision of the trial court. (*In re Osslo*, 51 Cal.2d 371, 380 [334 P.2d 1].) The condition of probation that defendant consent to a search of his person by a law enforcement officer without a search warrant is a supervisorial procedure related to his reformation and rehabilitation in light of the offense of which he was convicted. With knowledge he may be subject to a search by law enforcement officers at any time, he will be less inclined to have narcotics or dangerous drugs in his possession. The purpose of an unexpected, unprovoked search of defendant is to ascertain whether he is complying with his terms of probation; to determine not only whether he disobeys the law, but also whether he obeys the law. Information obtained under such circumstances would afford a valuable measure of the effectiveness of the supervision given the defendant and his amenability to rehabilitation.

Defendant argues the condition is unreasonable because it permits a search by any law enforcement officer and subjects him to the possibility of harassment. Should law enforcement officers needlessly subject defendant to search, the trial court has authority to amend its order to meet the situation. The existence of this authority is sufficient guard against the likelihood of such harassment.

The judgment is affirmed.

Whelan, J., and Lazar, J. pro tem.,* concurred.

---

*Assigned by the Chairman of the Judicial Council.