Filed 3/9/21  P. v. Sanchez CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B305973 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA470529) |
| v. | |
| KALIA SANCHEZ, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Henry J. Hall, Judge.  Reversed in part and affirmed in part.

Leonard J. Klaif, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Senior Assistant Attorney General, Michael Pulos and Juliet W. Park, Deputy Attorneys General, for Plaintiff and Respondent.

_____

A jury convicted Kalia Sanchez of numerous offenses, including violating a court order in violation of Penal Code section 166, subdivision (c)(1).  On appeal, Sanchez contends there is insufficient evidence supporting the conviction.  The Attorney General implicitly concedes the issue, but urges us to affirm the conviction under a different statute.  We decline to do so and reverse the conviction.  We affirm the judgment in all other respects.

### FACTUAL AND PROCEDURAL BACKGROUND

Sanchez and Rolisha S.[1] had an on-and-off romantic relationship over the course of several years.  During that time, Sanchez violently attacked Rolisha on multiple occasions and broke into her home.  Rolisha reported some of these incidents to the police.

Rolisha obtained a restraining order against Sanchez in November 2015, which was valid until November 2020.  It precluded Sanchez from, among other things, harassing, attacking, and contacting Rolisha.

Despite the protective order, Rolisha and Sanchez began having contact again in 2016.  In July 2018, Rolisha told Sanchez she wanted to end their relationship.

Early in the morning of July 31, 2018, Rolisha was driving home from a friend's house when she spotted Sanchez's car parked on the street.  Rolisha attempted to contact Sanchez, and she pulled over at the end of the block to wait for a response.  Sometime later, a car pulled up alongside Rolisha's car.  Two men

---

[1]    To protect her personal privacy interests, we refer to the victim by first name and last initial.  (Cal. Rules of Court, rule 8.90(b).)

were in the front seat, one of whom turned his head and said, "are you sure?" Rolisha saw someone ducking in the back seat.

The car drove away, and Rolisha put on her seatbelt and got ready to leave. Before she could, the same car pulled up alongside her again, but this time Sanchez was in the passenger seat. Sanchez was holding a gun and fired multiple shots in Rolisha's direction. The bullets broke Rolisha's window, and Sanchez continued shooting. One of the bullets struck Rolisha in the thigh and exited through her shoulder.

Rolisha drove away, but she crashed into another vehicle as her vision began to fade. She was taken to a hospital and treated for her wounds. The bullet damaged her lungs, liver, ribs, nerves, and intestines.

Sanchez was charged by information with attempted murder (Pen. Code, §§ 664, 187, subd. (a); count 1),[2] assault with a firearm (§ 245, subd. (a)(2); count 2), injuring a girlfriend (§ 273.5, subd. (a); count 3), and misdemeanor contempt of court (§ 166, subd. (c)(1); count 4). Firearm and great bodily injury enhancements were alleged as to counts 1, 2, and 3.

As to the contempt charge (count 4), the information alleged as follows: "On or about July 31, 2018, . . . the crime of CONTEMPT OF COURT, in violation of PENAL CODE SECTION 166(C)(1), a Misdemeanor, was committed by KALIA SANCHEZ, who did willfully and knowingly violate a protective order and stay away order issued pursuant to Penal Code section 136.2."

---

[2] All further undesignated statutory references are to the Penal Code.

At trial, the prosecution introduced evidence establishing the facts summarized above. Sanchez testified in her own defense and denied shooting Rolisha. She admitted being aware at the time that a restraining order precluded her from having contact with Rolisha.

On count 4, the court instructed the jury with CALCRIM No. 2701 as follows:

"The defendant is charged in count four of the information with violating a court order in violation of Penal Code section 166(c)(1).

To prove that the defendant is guilty of this crime, the people must prove that:

1. A court issued a written order . . .
   [¶]
2. The court order was a protective order, issued under Penal Code section 136.2 in a pending criminal proceeding involving domestic violence;
3. The defendant knew of the court order;
4. The defendant had the ability to follow the court order; AND
5. The defendant willfully and intentionally violated the court order."

After the court gave the instruction, the parties agreed it should be amended to delete the reference to a pending criminal proceeding. The court then instructed the jurors that paragraph two of the instruction should read as follows: "The court order was a protective order issued under Penal Code section 136.2 involving domestic violence."

4

The jury convicted Sanchez as charged. The court sentenced her to an aggregate term of 32 years to life, consisting of the following: on count 1, life with a minimum parole eligibility of seven years, plus 25 years to life for the firearm enhancement (§ 12022.53, subd. (d)); on count 2, the high term of four years, plus 10 years for the firearm enhancement (§ 12022.5) and five years for the GBI enhancement (§ 12022.7); on count 3, the high term of four years, plus ten years for the firearm enhancement (§ 12022.5) and five years for the GBI enhancement (§ 12022.7); on count 4, 364 days. The court stayed the terms on counts 2 and 3 pursuant to section 654. It ordered the term on count 4 be served concurrently to all other time.

The court awarded Sanchez 699 days of custody credit and imposed, but then stayed, numerous fines, fees, and assessments. The court waived all costs, fines, and fees related to count 4.

Sanchez timely appealed.

## DISCUSSION

Sanchez contends there is insufficient evidence to support her conviction on count 4 for violating section 166, subdivision (c)(1). The Attorney General implicitly concedes the point, but urges us to affirm the conviction under a different, uncharged statute. We decline to do so and reverse the conviction.

When an appellant challenges the sufficiency of evidence supporting a jury's verdict, the reviewing court examines whether there is substantial evidence, considered as a whole, to permit a reasonable trier of fact to find the defendant guilty of the charged crime beyond a reasonable doubt. (*People v. Smith* (2014) 60 Cal.4th 603, 617; *People v. Lindberg* (2008) 45 Cal.4th 1, 27.) The court's standard for determining what is "substantial

5

evidence" is whether the evidence is "credible and of solid value." (*People v. Kraft* (2000) 23 Cal.4th 978, 1053.)

In count 4, Sanchez was charged with contempt of court in violation of section 166, subdivision (c)(1), for violating a "protective order and stay away order issued pursuant to Penal Code section 136.2." Section 166, subdivision (c)(1), states a "willful and knowing violation" of certain protective and stay-away orders, including orders "issued pursuant to Section 136.2," constitutes contempt of court. (§ 166, subd. (c)(1)(A).) Section 136.2, in turn, permits a court with "jurisdiction over a criminal matter" to issue orders protecting victims and witnesses. (§ 136.2, subd. (a)(1).)

Here, the record contains evidence showing Sanchez willfully and knowingly violated a protective order by shooting Rolisha. However, as Sanchez points out and the Attorney General implicitly concedes, there is no evidence showing the protective order was issued pursuant to section 136.2. As such, Sanchez's conviction on count 4 must be reversed.[3]

The Attorney General contends reversal is not necessary because the prosecutor made a "technical" error by charging Sanchez under the wrong statute. According to the Attorney General, the prosecutor instead should have charged her with violating section 273.6, which makes it a misdemeanor to intentionally and knowingly violate certain civil protective

---

[3]     Section 166, subdivision (c)(1) prohibits violating numerous other types of protective and stay away orders in addition to those issued pursuant to section 136.2. The Attorney General does not contend Sanchez's conviction could be affirmed under those provisions, so we do not consider them.

orders.[4]  He further argues the error was harmless because Sanchez was not misled and the jury found true all the elements of a violation of section 273.6.  We are not persuaded.

As a general rule, a defendant may not be convicted of an uncharged crime unless it is necessarily included in the charged crime.[5]  (*People v. Reed* (2006) 38 Cal.4th 1224, 1227.)  This is true even if the evidence at trial shows the defendant committed the uncharged offense.  (*In re Hess* (1955) 45 Cal.2d 171, 174–175.)

To determine what offenses the defendant was charged with, we look to the specific allegations of the accusatory pleading.  (*People v. Thomas* (1987) 43 Cal.3d 818, 826.)  Moreover, a "defect or imperfection in matter of form" of the pleading, such as mistakenly designating the statute on which a charge is based or in naming an offense, does not require reversal, unless the defect "prejudice[d] a substantial right of the defendant upon the merits."  (§ 960; see *People v. Ramirez* (2003) 109 Cal.App.4th 992, 999.)

---

[4]  Section 273.6 provides:  "Any intentional and knowing violation of a protective order, as defined in Section 6218 of the Family Code, or of an order issued pursuant to Section 527.6, 527.8, or 527.85 of the Code of Civil Procedure, or Section 15657.03 of the Welfare and Institutions Code, is a misdemeanor punishable by a fine of not more than one thousand dollars ($1,000), or by imprisonment in a county jail for not more than one year, or by both that fine and imprisonment."  (§ 273.6, subd. (a).)

[5]  The Attorney General does not contend a violation of section 273.6 is necessarily included in a violation of section 166, subdivision (c)(1), so we do not consider that issue.

In *People v. Rivers* (1961) 188 Cal.App.2d 189 (*Rivers*), for example, the indictment and judgment stated the defendant unlawfully sold narcotics, yet both referenced a statute prohibiting the possession of narcotics. The court affirmed the conviction, noting it was clear from the substantive allegations in the indictment that the defendant was charged with the sale of narcotics, and the evidence at trial was concerned only with the same. Under such circumstances, the court found the references to the possession statute were "immaterial" defects of "artificiality rather than substance." (*Rivers, supra*, at p. 195.)

In *People v. Siegel* (1961) 198 Cal.App.2d 676 (*Siegel*), the defendant was charged and convicted of attempting to escape from jail. The indictment cited former section 664, which provided " '[e]very person who attempts to commit any crime, but fails . . . is punishable, *where no provision is made by law for the punishment of such attempts . . . .' "* (*Siegel*, at p. 683, italics added.) On appeal, the defendant pointed out that former section 4532 specifically prohibited attempting to escape from jail, meaning former section 664 did not apply to such an offense. The court acknowledged the error, but held it was not prejudicial because the language of the indictment "is exactly that which would support a charge" under the correct statute, and the defendant was therefore fully appraised of the offense of which he was being tried. (*Siegel,* at p. 683.)

The Attorney General insists the prosecutor's decision to charge Sanchez under section 166, rather than section 273.6, is analogous to the pleading errors in *Rivers* and *Siegel*. We disagree.

8

In *Rivers* and *Siegel*, the substantive allegations in the indictments were inconsistent with the referenced statutes. As a result, it was clear the prosecutors had intended to charge the defendants under different statutes, and the statutory references were mere errors of form. The only question was whether those errors were prejudicial.

Here, in contrast, the record demonstrates the prosecutor intended to charge Sanchez with violating section 166, rather than section 273.6. The information, for example, alleged that Sanchez committed the crime of "contempt of court" by "willfully and knowingly violat[ing] a protective order and stay away order issued pursuant to Penal Code section 136.2." These allegations mirror the language of section 166, subdivision (c)(1). They do not track the language of section 273.6, which does not mention "contempt of court" or section 136.2. Instead, section 273.6 prohibits the "intentional and knowing violation of a protective order, as defined in Section 6218 of the Family Code, or of an order issued pursuant to Section 527.6, 527.8, or 527.85 of the Code of Civil Procedure, or Section 15657.03 of the Welfare and Institutions Code." (§ 273.6, subd. (a).)

Consistent with the information, the jury instructions and verdict form also stated Sanchez was charged with violating section 166. The instructions, moreover, informed the jury it could convict Sanchez only if it found she violated a protective order issued under section 136.2. Requiring such a finding makes sense only if Sanchez was charged with violating section 166, subdivision (c)(1). That the prosecutor did not object to these instructions or the verdict form further indicates an intention to charge Sanchez with violating section 166, rather than section 273.6. (See *People v. Schueren* (1973) 10 Cal.3d 553,

9

558 ["there is no doubt that the prosecutor regarded [assault with intent to commit murder] as the crime charged since several of the instructions proposed by the prosecutor indicated that assault with intent to commit murder was the crime charged"].)

In light of these circumstances, we reject the Attorney General's contention that the reference to section 166 in the information was a "technical" error; rather, it is clear the prosecutor intended to, and did in fact, charge Sanchez with violating that statute. Accordingly, to affirm the conviction under section 273.6, as the Attorney General urges, would effectively and improperly convict Sanchez of an uncharged crime. We decline to do so, and instead reverse her conviction on count 4.

## DISPOSITION

We reverse Sanchez's conviction on count 4 for violating section 166, subdivision (c)(1). We affirm the judgment in all other respects.

BIGELOW, P. J.

We Concur:

GRIMES, J.

STRATTON, J.

10